UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FARM FAMILY LIFE INSURANCE COMPANY, | ) <br> ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )     Civil Action No. 16-12415-IT <br> ) |
| AMANDA HAACKE, | ) <br> ) |
| Defendant, | ) <br> ) |
| v. | ) <br> ) |
| MARTIN WEST, | ) <br> ) |
| Third-Party Defendant. | ) <br> ) |

ORDER ON THIRD-PARTY DEFENDANT'S MOTIONS TO COMPEL
AND REPORT AND RECOMMENDATION ON MOTION FOR SANCTIONS
[Docket Nos. 52, 56]

November 19, 2018

Boal, M.J.

On August 8, 2018, third-party defendant Martin West filed a motion to compel certain discovery from defendant Amanda Haacke.  Docket No. 52.  West also requested that the District Court set a briefing schedule for summary judgment motions.  Id.  On September 7, 2018, the District Court set a briefing schedule for discovery motions and ordered West to file a statement identifying any remaining discovery issues no later than September 14, 2018.  Docket No. 54.

On September 13, 2018, West filed a statement to the Court and a motion for sanctions against Haacke.  Docket No. 56.  West complained of deficiencies in Haacke's answers to his

1

discovery requests and requested sanctions in the form of dismissal of Haacke's third-party claims against West, attorney's fees, and costs.

This Court held a hearing on November 6, 2018. At that hearing, counsel for West stated that he was not asking the Court to compel Haacke to provide further answers to his discovery requests. Rather, West sought only an order sanctioning Haacke by dismissing her third-party claims and/or awarding attorney's fees and costs. As West does not wish to obtain further discovery from Haacke, the Court denies the motion to compel as moot.

To the extent that West seeks dismissal of the action, the Court declines to recommend such a sanction to the District Judge assigned to this case. There is a strong presumption in favor of deciding cases on the merits. Malot v. Dorado Beach Cottages Assoc., 478 F.3d 40, 43 (1st Cir. 2007). Therefore, "[d]ismissal with prejudice is a harsh sanction, which should be employed only when a plaintiff's misconduct has been extreme and only after the district court has determined that none of the lesser sanctions available to it would truly be appropriate." Id. at 44 (quotation omitted). The First Circuit has not generally upheld a dismissal with prejudice based on a single instance of noncompliance with a discovery order. See id. None of the discovery deficiencies or conduct alleged warrant the harsh sanction of dismissal.[1]

---

[1] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days after being served with a copy of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

The Court also declines to award attorney's fees and costs, in part because West has decided that he no longer wishes to receive the discovery that he sought by the motion to compel.

**So Ordered.**

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge